UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CESSNA FINANCE CORPORATION,

                              Petitioner,

           -against-

AL GHAITH HOLDING COMPANY PJSC,

                              Respondent.

**ORDER**

15 Civ. 9857 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

On December 17, 2015, Cessna filed a petition to confirm an October 26, 2015
arbitration award in the amount of $43,201,974.10 against Al Ghaith (the "Award").  (Pet. (Dkt.
No. 2))  On May 7, 2019, this Court granted Cessna's motion to confirm the Award and denied
Al Ghaith's cross-motion to vacate the Award.  (Order (Dkt. No. 22))  On May 8, 2019, this
Court entered judgment.  (Judgment (Dkt. No. 29))

Petitioner Cessna Finance Corporation ("Cessna") has moved to substitute CesFin
Ventures LLC ("CesFin") as the petitioner in this action pursuant to Fed. R. Civ. P. 25(c).  (Mot.
(Dkt. No. 54))  Respondent Al Ghaith Holding Company PJSC ("Al Ghaith") opposes the
motion.  (Resp. Opp. (Dkt. No. 58))  For the reasons stated below, Cessna's motion to substitute
will be granted.

**PROCEDURAL HISTORY**

On December 17, 2015, Cessna filed a petition to confirm an October 26, 2015
arbitration award in the amount of $43,201,974.10 against Al Ghaith (the "Award").  (Pet. (Dkt.
No. 2))  On May 7, 2019, this Court granted Cessna's motion to confirm the Award and denied
Al Ghaith's cross-motion to vacate the Award.  (Order (Dkt. No. 22))  On May 8, 2019, this
Court entered judgment.  (Judgment (Dkt. No. 29))

On August 10, 2020, Cessna filed a Notice of Assignment of Award and
Judgment.  (Dkt. No. 53)  The notice reports that Cessna has assigned to CesFin "all of Cessna's
rights, title and interest in the [Award]" and "all of Cessna's rights, title and interest to the
Judgment."  (Id. at 1)  Attached to the notice is a copy of the Confirmation of Assignment of
Award and Judgment pursuant to which Cessna has assigned to CesFin its rights, title and

interest in and to the Award and Judgment.  (Id. at 3-4)  On September 8, 2020, Cessna moved to substitute CesFin for Cessna as petitioner in this action.  (Mot. (Dkt. No. 54))

## DISCUSSION

Under Rule 25(c), where "an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."  Fed. R. Civ. P. 25(c).  "'If a transferee is joined or substituted as a plaintiff or defendant, it is not because its substantive rights are in question, but rather because it has come to own the property in issue.'"  Software Freedom Conservancy, Inc. v. Best Buy Co., Inc., No. 09 Civ. 10155(SAS), 2010 WL 4860780 at *2 (S.D.N.Y. Nov. 29, 2010) (quoting Moore's Fed. Practice § 25.32).  "The 'primary consideration in deciding a motion pursuant to Rule 25(c) is whether substitution will expedite and simplify the action.'"  Advanced Mktg. Grp., Inc. v. Bus. Payment Sys., Inc., 269 F.R.D. 355, 359 (S.D.N.Y. 2010) (quoting Taberna Capital Mgmt., LLC v. Jaggi, No. 08 Civ. 11355(DLC), 2010 WL 1424002, at *2 (S.D.N.Y. Apr. 9, 2010))

"Courts will frequently grant substitution where a party has fully transferred its interest to another person or entity."  U.S. Sec. & Exch. Comm'n v. Collector's Coffee Inc., 451 F. Supp. 3d 294, 297-98 (S.D.N.Y. 2020) (citing Potvin v. Speedway LLC, 891 F.3d 410, 416-17 (1st Cir. 2018); Arnold Graphics Indus., Inc. v. Indep. Agent Ctr., Inc., 775 F.2d 38, 39 (2d Cir. 1985); Bank of Am., N.A. v. RJ Dooley Realty, Inc., No. 7:09-cv-4981 (VB), 2011 WL 3251593, at *1 (S.D.N.Y. July 25, 2011); Greystone Bank v. Peralta, No. 10 Civ. 0695 (BMC), 2010 WL 3767619, at *2 (S.D.N.Y. Sept. 20, 2010); Levin v. Raynor, No. 03 Civ. 4697 (GBD)(THK), 2010 WL 2106037, at *3 (S.D.N.Y. May 25, 2010); AAIPharma Inc. v. Kremers Urban Dev. Co., 02 Civ 9628 (BSJ)(RLE), 2010 WL 11570154, at *3-4 (S.D.N.Y. Feb. 16,

2010); <u>Nat'l Credit Mgmt. Corp. v. W. Union Fin. Servs., Inc.</u>, No. 96 Civ. 4609 LMM, 1998

WL 730345, at *1 (S.D.N.Y. Oct. 19, 1998))  "'[G]ranting substitution of one party in litigation

for another under Rule 25(c) is a discretionary matter for the trial court.'"  <u>Software Freedom</u>

<u>Conservancy</u>, 2010 WL 4860780, at *2 (quoting <u>In re Chalasani</u>, 92 F.3d 1300, 1312 (2d Cir.

1996)).  "Still, a district court can abuse its broad discretion 'by allowing substitution in the

absence of proof . . . of [a] transfer or assignment of a tangible interest' from the movant to its

proposed substitute."  <u>Danaher Corp. v. Travelers Indem. Co.</u>, 10-CV-121 (JPO), 2020 WL

6712193, at *4 (S.D.N.Y. Nov. 16, 2020) (quoting <u>In re Chalasani</u>, 92 F.3d at 1312))

        Here, Cessna has submitted a Confirmation of Assignment of Award and

Judgment (the "Assignment") assigning all rights, title and interest held by Cessna in the Award

and Judgment to CesFin.  (<u>See</u> Assignment (Dkt. No. 55-1); Geller Decl. (Dkt. No. 55) ¶ 5)  In

relevant part, the Assignment states that on October 25, 2019, Cessna

> unconditionally assigned, granted, sold, transferred, and set over to [CesFin], and its
> successors and assigns: (a) all of the rights, title and interest [Cessna] has in and in
> respect of the [Award] . . . in the amount of USD $43,201,974.10 (plus accrued interest);
> and (b) all of the rights, title and interest [Cessna] has in and respect of the [Judgment]
> . . . that granted the motion of [Cessna] to confirm the [Award], together with all the
> rights, interests or remedies that arise from or otherwise relate to such Judgment.

(Assignment (Dkt. No. 55-1) at 2)  The Assignment further provides that CesFin "has all the

rights, title and interest of [Cessna] . . . to execute the [Award] in order to collect or recover

award monies that are due from [Al Ghaith] . . . and to pursue enforcement and collection rights

against [Al Ghaith] in any jurisdiction."  (<u>Id.</u> at 3)  The Assignment thus makes clear that the real

party in interest as to the Award and Judgment is now not Cessna, but CesFin.

        Al Ghaith does not dispute that CesFin is now the owner of all rights and interest

in the Award and Judgment, nor does it contend that substituting CesFin as petitioner would

delay or complicate the litigation.  Instead, it asserts that the motion to substitute is "procedurally

3

improper," because Al Ghaith has appealed the Judgment and – as a result – this Court has been divested of jurisdiction over Cessna's substitution motion.  (See Resp. Opp. (Dkt. No. 58) at 1)  In support of this argument, Al Ghaith cites Federal Rule of Appellate Procedure 43, which states that if a party "needs to be substituted for any reason" after a notice of appeal has been filed, a motion to substitute should be "filed with the circuit clerk . . . in accordance with Rule 25."  Fed. R. App. P. 43(a)-(b); (Resp. Opp. (Dkt. No. 58) at 1-2)  While acknowledging Al Ghaith's appeal, Cessna responds that this Court retains jurisdiction to decide its substitution motion, because the motion "does not seek substitution of the parties [in] the appeal and does not involve or interfere with the questions presented by [Al Ghaith's] pending appeal[.]"  (Pet. Reply (Dkt. No. 59) at 5)

   "'The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'"  Fed. Ins. Co. v. United States, 882 F.3d 348, 361 (2d Cir. 2018) (quoting United States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)).  Even where an appeal has been filed, however, "[i]t is well-established that '[f]ederal courts have the authority to enforce their judgments, and retain jurisdiction over supplementary proceedings to do so.'"  Arrowhead Capital Fin., Ltd. v. Seven Arts Entm't, Inc., 14 Civ. 6512 (KPF), 2017 WL 3394604, at *6 (S.D.N.Y. Aug. 8, 2017) (quoting Deflora Lake Dev. Assocs., Inc. v. Hyde Park, No. 13 Civ. 4811 (CS), 2016 WL 7839191, at *1 (S.D.N.Y. June 9, 2016), aff'd, F. App'x 93 (2d Cir. 2017), and aff'd, 689 F. App'x 99 (2d Cir. 2017) (citing Peacock v. Thomas, 516 U.S. 349, 356 (1996)).  Divestiture of jurisdiction following an appeal "'is not a per se rule,'" and "[o]ne exception is that, absent a stay, a district court retains jurisdiction to enforce its orders and judgments despite

an appeal." <u>Gutierrez Cupido v. Barr</u>, 19-CV-6367-FPG, 2020 WL 103477, at *2 (W.D.N.Y.

Jan. 9, 2020) (quoting <u>Rodgers</u>, 101 F.3d at 251); (citing <u>City of New York v. Venkataram</u>, No.

06 Civ. 6578, 2012 WL 2921876, at *3 (S.D.N.Y. July 18, 2012) (collecting cases)); <u>see also</u>

<u>Deflora</u>, 2016 WL 7839191, at *1 n.3 ("[T]he pendency of [an] appeal does not divest the Court

of power to enforce its judgment.").

        Here, Al Ghaith does not contend that Cessna's assignment of its rights and

interest in the Award and Judgment to CesFin is an "aspect[] of the case involved in the appeal."

<u>Fed. Ins. Co.</u>, 882 F.3d at 361.  Instead, it simply points out that the Judgment, "which Petitioner

here seeks to transfer – is on appeal before the Second Circuit."  (Resp. Opp. (Dkt. No. 58) at 2)

As discussed above, however, the filing of an appeal does not divest a district court of "authority

to enforce [its] judgments," and it "retain[s] jurisdiction over supplementary proceedings to do

so."  <u>Arrowhead</u>, 2017 WL 3394604, at *6.  And Cessna's assignment to CesFin of Cessna's

rights and interest in the Award and Judgment was done for purposes of "collect[ing] or

recover[ing] monies that are due from [Al Ghaith] . . . and [] pursu[ing] enforcement and

collection rights against [Al Ghaith]."  (Assignment (Dkt. No. 55-1) at 3)  In other words, the

Assignment transferred to CesFin the right to enforce this Court's Judgment, and Cessna now

seeks substitution of CesFin as the petitioner in this action to permit CesFin, "the undisputed

assignee of a Judgment[,] to enforce its collection rights."  (Pet. Reply (Dkt. No. 59) at 11)

        In opposing the substitution motion, Al Ghaith cites cases involving motions to

substitute parties for purposes of an appeal.  <u>See</u> <u>Mid-Continent Cas. Co. v. Titan Constr. Corp.</u>,

281 F. App'x 766, 768 (9th Cir. 2008) (considering motion to substitute defendant-appellant

made pursuant to Fed. R. App. P. 43); <u>TOC Retail, Inc. v. Gulf Coast Oil Co. of Miss., Inc.</u>, 177

F.3d 978, 1999 WL 197149, at *11 (5th Cir. 1999) (considering motion to substitute another

party that was explicitly "for purposes of th[e] appeal").  Here, Cessna has made clear that its substitution motion is "not 'for purposes of the appeal,'" and no issue regarding the Assignment is involved in the appeal.  (Pet. Reply (Dkt. No. 59) at 11)  Accordingly, this Court  has jurisdiction over Cessna's substitution motion as a supplementary proceeding to enforce the Judgment.

Moreover, given that Cessna has assigned its interest in, title and rights to the Award and Judgment to CesFin (Assignment (Dkt. No. 55-1); Geller Decl. (Dkt. No. 55) ¶ 5), substitution of CesFin as Petitioner for purposes of enforcement of the Judgment is likely to simplify the action.  See Danaher Corp., 2020 WL 6712193, at *4-5 (granting motion to substitute where agreement and affidavit "paint[ed] a clear picture of . . . who the party in interest now is[,]" and substitution "would neither frustrate other parties' efforts to obtain relief nor delay and complicate th[e] litigation").

## CONCLUSION

For the reasons stated above, Petitioner's motion to substitute is granted.  The Clerk of Court is directed to terminate the motion (Dkt. No. 55).

Dated:  New York, New York
        February 16, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge