UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CESSNA FINANCE CORPORATION,      :

            Petitioner,     :

     -against-           :      **MEMORANDUM AND ORDER**

AL GHAITH HOLDING COMPANY PJSC,   :     15-CV-9857 (PGG) (KNF)

           Respondent.   :
-------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## BACKGROUND

On May 7, 2019, petitioner Cessna Finance Corporation's ("Cessna") motion to confirm an October 26, 2015 arbitration award against respondent Al Ghaith Holding Company PJSC ("Al Ghaith") was granted and the respondent's cross-motion to vacate the award was denied, followed by the May 8, 2019 judgment in favor of Cessna. Docket Entry Nos. 39 and 40. The respondent's motion for reconsideration of the Court's May 7, 2019 order was denied. Docket Entry No. 46. On August 11, 2020, Cessna's counsel filed a "Notice of Assignment of Award and Judgment," stating "PLEASE TAKE NOTICE that a true and accurate copy of the CONFIRMATION OF ASSIGNMENT OF AWARD AND JUDGMENT is annexed hereto" and asserting that all Cessna's "rights, title and interest to the Judgment" in this action were assigned to CesFin Ventures LLC ("CesFin") on October 26, 2015. Docket Entry No. 53. On September 8, 2020, Cessna made a motion to substitute CesFin as the petitioner in this action and to amend the caption accordingly. Docket Entry No. 54. In support of its motion, Cessna submitted a declaration by its attorney Mitchell J. Geller ("Geller") with Exhibit 1, the October 25, 2019 "Confirmation Of Assignment Of Award And Judgment Between Cessna and CesFin," and

Exhibit 2,  a "Notice of Assignment of Award and Judgment" filed on August 10, 2020, with the

court.  Docket Entry No. 55.  Geller stated in his declaration:

> The purpose of this Declaration is to place before the Court the document that
> demonstrates that Cessna, on October 25, 2019, unconditionally assigned to
> CesFin: (a) all of Cessna's rights, title and interest in the Arbitration Award, dated
> October 26, 2015, bearing ICC Case Number 19397/AGF/ZF/RD, issued in
> accordance with the rules of the ICC International Court of Arbitration in favor of
> Cessna Finance Corporation against Al Ghaith Holding Company PJSC ("AGH"),
> in the amount of USD $43,201,974.10 (plus accrued interest) ("Arbitration
> Award") and (b) all of Cessna's rights, title and interest to the Judgment, entered
> on May 8, 2019, of this Court (the "Judgment") that granted Cessna's motion to
> confirm the Arbitration Award, together with all the rights, interests or remedies
> that arise from or otherwise relate to such Judgment.

Cessna's motion to substitute CesFin was granted on February 16, 2021.  Docket Entry No. 82.

On October 22, 2020, Cessna and CesFin attempted to file a "Petition and Complaint," Docket

Entry No.66, asserting that "[t]his is a proceeding to bind [Ali Hamel Khadem Al Ghaith Al

Quabaisi], [Ghaith Hamel Khadem Al Ghaith Al Quabaisi] and [Khalifa Hamel Khadem Al

Ghaith Al Quabisi] as alter egos of [Al Ghaith] to the Award and enforce the Award against

them," but the filing was rejected by the court.  On October 26, 2020, Cessna and CesFin

requested that the court instruct the Clerk of Court to permit the filing of the "Petition and

Complaint" dated October 22, 2020,  Docket Entry No. 72, which was denied on February 16,

2021, and Cessna was "directed to file the Petition and Complaint (Dkt. No. 66) as a new case.

The Court will consider whether to accept the case as related once the new action is filed."

Docket Entry No.83.

Before the Court is respondent Al Ghaith's October 16, 2020 motion for an order:

(1) quashing the Google subpoenas as procedurally and substantively defective;
(2) directing CesFin Ventures LLC ("Non-Party CesFin") ["CesFin"] to provide Al
    Ghaith with all subpoenas and responses to same it has served and will serve in
    this matter;

(3) staying any and all deadline(s) for non-parties to respond to any outstanding subpoenas until Al Ghaith has received copies of the subpoenas and has had an opportunity to seek relief, as appropriate; and

(4) directing Non-Party CesFin to provide a copy of the Court's Order to recipients of any subpoenas it has served in connection with this matter.  Al Ghaith brings its Motion pursuant to the Court's Order of October 9, 2020. See Order, Dkt. No. 62.

**MOVANT'S CONTENTIONS**

The movant asserts that CesFin served at least two subpoenas on at least one third-party, Google, LLC ("Google").  The Google subpoenas, namely, the "Subscriber Data Subpoena" and the "Identifier Subpoena," seek information related to the movant, its web server and its personnel, and CesFin refused to provide the movant with copies of the Google subpoenas or other subpoenas it has served on third parties.  The movant argues that the Google subpoenas were served pursuant to Fed. R. Civ. P. 69(a)(2), which required that CesFin provides notices to the movant under Fed. R. Civ. P. 45; however, no notices were provided to the movant. Although the movant has been able to obtain copies of the Google subpoenas, CesFin's noncompliance with Rule 45 prejudiced the movant's ability to protect its interests by limiting the time to analyze and prepare its objections.  The respondent asserts that it is not clear that CesFin has standing to conduct discovery since the motion to substitute the petitioner is pending. Moreover, the subpoenas are also procedurally improper under New York Civil Practice Law and Rules ("CPLR"), as CesFin represented to the Court that it had proceeded under CPLR Article 52 while the subpoenas reference Rule 45.  According to the movant, the subpoenas failed to comply with CPLR § 5224(a)(3)(i), which applies to information subpoenas served on an entity other than a judgment debtor, since they seek documents and information in the form of written answers.  Since the subpoenas do not contain the certifications contemplated by CPLR § 5224(a)(3)(i), the subpoenas are null and void pursuant to CPLR § 5224(a)(3)(ii).

The movant maintains that the Google subpoenas should be quashed as substantively improper because they do not target the movant's hidden assets, which is the scope of the post-judgment subpoena to a non-party, and the movant disclosed details about its global assets in a related proceeding outside the United States, obviating the need for post-judgment discovery. The movant asserts that the subpoenas, seeking all documents and all data, are overly broad and not proportional, likely to encompass proprietary, confidential and privileged material, giving the movant standing to protect such information.  Concerning the Subscriber Data Subpoena, it appears that it seeks the identities of individuals who exchanged emails with the movant's executive Ali Al Ghaith, and CesFin failed to explain how the information sought could lead to relevant information about the movant's assets.  With respect to the Identifier Subpoena, it seeks information that includes wire transfer records and billing statements evidencing the movant's source of payment for the Google "Identifier account" and "information about the related companies that also use the account."  CesFin did not explain how payment information for a Google Identifier account could identify hidden or concealed assets.

The movant also requests that the Court: (a) direct CesFin to produce to the movant "copies of all subpoenas served in connection with this matter"; (b) "issue a stay as to additional subpoenas until such time as Al Ghaith has received all outstanding subpoenas and is given sufficient opportunity to review and, to the extent appropriate, move for relief"; and (c) direct CesFin "to notify all non-parties on whom a subpoena has been served of the Court's Order on this Motion."  In support of the motion, the movant submitted a declaration by its attorney Francis X. Nolan with Exhibit A, "a letter from Petitioner Cessna's counsel in the United States Arab Emirates and an enclosure to that letter, a 'Worldwide Freezing Order,' issued by the Dubai International Financial Centre Courts, both dated July 23, 2020," Exhibit B, "the first Google

Subpoena ('Subscriber Data Subpoena'), dated September 2, 2020," Exhibit C, "the second

Google Subpoena ('Identifier Subpoena'), dated September 2, 2020," and Exhibit D, "an email

exchange between the undersigned and Warren Gluck, counsel for Petitioner Cessna and Non-

Party CesFin, dated September 21-23, 2020."

## CESFIN'S CONTENTIONS

CesFin asserts that it

is entitled to post-judgment discovery because, pursuant to an Assignment between CesFin and Cessna dated October 25, 2019 (the "Assignment"), CesFin is the assignee of all of Cessna's rights and interest in: (a) an Award, dated October 26, 2015, bearing ICC Case Number 19397/AGF/ZF/RD, issued in favor of Cessna and against AGH, in the amount of $43,201,974.10 (the "Award"); and (b) a Judgment, entered on May 8, 2019, of this Court (the "Judgment") that granted Cessna's motion to confirm the Award. See ECF Nos. 39, 40.

CesFin asserts that the Google subpoenas are a proper use of Rule 69 and CPLR §§ 5223 and

5224(a)(2), and they seek "information relevant to the enforcement of the Award and Judgment,

including but not limited to alter ego relationships between and among [the movant], [the

movant's] controlling minds, shareowners and directors, a labyrinth of affiliates and subsidiaries

(one of which has been identified as a material conduit of dissipation) and the path of the assets

dissipated." According to CesFin, New York courts do not require notice to the movant, the

judgment debtor, of post-judgment discovery directed to non-parties, and Rule 45's notice

requirement does not apply to the Google subpoenas, notwithstanding that CesFin "used the form

for a Rule 45 subpoena," because "the substance of the subpoenas make clear that the Google

Subpoenas constitute post-judgment subpoenas enforceable pursuant to Rule 69(a)(2) and CPLR

5223 and 5224." Even if Rule 45 governs the enforcement of the subpoenas, it has no bearing on

whether they are consistent with the state law, which they are in this case. Moreover, the

subpoenas are not information subpoena pursuant to CPLR § 5224(a)(3), since they "include no

questions and do not require a response within seven days"; thus, they do not require notice to

the movant. CesFin asserts it has standing to issue the subpoenas "as an assignee of Cessna's

rights and interest in the award and judgment."

> Having filed the Notice of Assignment on August 10, 2020, CesFin's interest as Cessna's "successor in interest" appears "of record" and, therefore, CesFin has authority to pursue enforcement proceedings against AGH, including issuing Subpoenas, and engaging in the full panoply of post-judgment discovery to enforce the Award and Judgment. . . . Cessna's motion to substitute CesFin as the Petitioner in this action is irrelevant to CesFin's authority to issue subpoenas and engage in post judgment discovery and enforcement procedures. See 7C Fed. Prac. & Proc. Civ. § 1958 (3d ed.) ("The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred."). Rule 25(c) substitution is "a procedural mechanism designed to facilitate the continuation of an action when an interest in a lawsuit is transferred and does not affect the substantive rights of the parties." *Travelers Ins. Co. v. Broadway W. St. Assocs.*, 164 F.R.D. 154, 164 (S.D.N.Y. 1995). In short, Cessna's substitution motion does not affect or alter CesFin's rights as assignee of the Award and Judgment, to engage in post judgment discovery and judgment enforcement procedures.

CesFin contends that the subpoenas request properly documents related to the movant's

assets. The "Non-Content Information Subpoena" seeks "All Subscriber Data concerning the

Target Account," referring to an email account held by Ali Al Ghaith, the movant's chairman,

director and shareholder. Subscriber Data is defined to include "subscriber information, internet

protocol address history logs, 'To,' 'From,' and 'Date.'" CesFin requests this information to

comply with the Stored Communications Act, which "obviates the potential disclosure of private,

privileged, or proprietary information—the only interest for which [the movant] has standing to

bring the motion." The Identifier Subpoena seeks documents concerning the use of the movant's

"Identifier by other domain names, and payment information, including payments received and

wire transfer records," and its purpose is "to determine commonality of resources and payments

in respect of [the movant] and related entities that are enforcement targets or potential

enforcement targets." The Identifier Subpoena is narrowly tailored and proportional because it seeks information concerning one unique seven-digit identifier used by the movant and related entities "beneficially owned by Ali al Ghaith," and applies only to the movant's website and any other websites that use the movant's identifier. The Identifier Subpoena would reveal how the movant is paying for its identifier and what entities are being permitted to use the same. CesFin contends that "the elevated standard" argued by the movant that the subpoena must target hidden or concealed assets is not supported by any binding precedent. Since the Non-Content Subpoena seeks information concerning the movant's "potential counterparties and other associates," that information could reasonably lead to discovery of the movant's hidden assets. The movant's assertion that it already disclosed its assets in another matter is meritless since it would require CesFin to rely on the representations of the judgment debtor, who "fraudulently transferred and dissipated assets valued at about $188 million since the issuance of the Judgment," based on a "self-created asset disclosure only encapsulating assets as of the date of disclosure in August 2020," and omitting assets held by the movant as of the judgment date that would have been subject to CesFin's rights.

CesFin contends that the movant has no standing to challenge the Non-Content Information Subpoena because it "cannot claim a privileged, proprietary or privacy interest in the non-content information collected and stored by Google." Similarly, the movant has no standing to object to the Identifier Subpoena on relevance or "responsiveness" grounds and the movant does not possess a privacy, privilege or proprietary interest in the information sought by it. CesFin maintains that, while the movant "may have a privacy interest in certain payment and other financial information provided to Google in conjunction with the use of the AGH

Identifier, CesFin, as the judgment creditor, possesses a greater and paramount interest in obtaining the most complete financial information of [the movant]."

CesFin asserts that the remaining relief requested should be denied because "it would be contrary to CesFin's expansive and ongoing rights to post-judgment discovery and enforcement of the Judgment until it is satisfied in full," and the requests "seek to circumvent clear New York law rejecting a judgment debtor's ability to receive notice of subpoenas to third parties, let alone receive a copy of the documents produced in response to such subpoenas." The movant "wants a roadmap to CesFin's enforcement strategy and to see what CesFin now knows so it can avoid lying in disclosure forms and answers in multiple courts. These are not valid grounds for a motion to quash."

## MOVANT'S REPLY

The movant contends that, even assuming that the CPLR governs the subpoenas, CesFin lacks standing under CPLR § 2302(a) because the subpoenas were issued on September 2, 2020, at which time CesFin's motion to substitute had not been filed. CesFin's argument that the subpoenas are not information subpoenas because CesFin failed to comply with additional CPLR requirements is meritless given that the subpoenas "seek information that can only be fully provided in the form of written answers." Since the subpoenas do not include certifications under the CPLR, they are defective under CPLR § 5224(a)(3)(ii). The movant maintains that, if CesFin wanted to make clear that the subpoenas were issued pursuant to the CPLR and not Rule 45, it could have done so, but it failed. CesFin does not make citation to any authority permitting a non-party standing to issue subpoenas under the Federal Rules of Civil Procedure. According to the movant, the subpoenas do not target its assets. The Subscriber Subpoena seeks the "identit[y] of everyone with whom a particular Al Ghaith board member exchanged emails since

8

2013," and CesFin did not explain how the identities of such persons or entities will reasonably lead to the discovery of the movant's hidden or concealed assets. With respect to the Identifier Subpoena, CesFin seeks the source of payment for the Google identifier because that source is "an enforcement asset." However, the cases cited by CesFin do not involve targeted discovery of payment sources and CesFin does not provide any legal authority in support of its argument. CesFin acknowledges that the movant has standing to challenge the subpoena targeting asset information, which is what the subpoenas do in this case. CesFin does not provide any support for its claim that it has a greater interest with respect to obtaining information through the subpoena. Given that the movant has standing to challenge the subpoenas, "[t]he Court should check Non-Party CesFin's overreach, and grant the additional relief Al Ghaith seeks with respect to all other subpoenas." In support of its reply, the movant submitted its counsel's declaration with Exhibit A, "a subpoena served on Al Ghaith by Petitioner Cessna Finance Corporation and Non-Party CesFin Ventures LLC," dated October 23, 2020.

## LEGAL STANDARD

"In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "A district court has broad latitude to determine the scope of discovery and to manage the discovery process" and "broad post-judgment discovery in aid of execution is the norm in federal and New York state courts." EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012). "The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment." Id.

"If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). "A subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and (B) inspection of premises at the premises to be inspected." Fed. R. Civ. P. 45(c)(2). Rule 45 of the Federal Rules of Civil Procedure provides for quashing or modifying a subpoena as follows:

> (A) *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.
> (B) *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
> (i) disclosing a trade secret or other confidential research, development, or commercial information; or
> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
> (C) *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
> (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
> (ii) ensures that the subpoenaed person will be reasonably compensated.

> Fed. R. Civ. P. 45(d)(3).

"In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." Langford v. Chrysler Motors Corp., 513 F.2d 1121,

1126 (2d Cir. 1975).  "A party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden." Universitas Educ., LLC v. Nova Group, Inc., No. 11 Civ. 1590, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013).  Motions to quash are "entrusted to the sound discretion of the district court." In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003).

## APPLICATION OF LEGAL STANDARD

### *Standing To Challenge the Google Subpoenas*

CesFin did not support its opposition to the motion with any affidavits; thus, any factual assertions in CesFin's opposing memorandum of law that are not followed by citation to admissible evidence are rejected as baseless.  CesFin asserts that the movant has no standing to challenge the subpoenas because: (a) it "cannot claim a privileged, proprietary or privacy interest in the non-content information collected and stored by Google"; and (b) although it "may have a privacy interest in certain payment and other financial information provided to Google in conjunction with the use of the AGH Identifier, CesFin, as the judgment creditor, possesses a greater and paramount interest in obtaining the most complete financial information of [the movant]."  However, CesFin's assertions are not supported by citation to any binding authority. CesFin concedes that the movant "may have a privacy interest in certain payment and other financial information provided to Google in conjunction with the use of the [movant's] identifier."  CesFin does not assert that the movant, as the party in this action, has no standing to challenge CesFin's failure to comply with "a notice and a copy of the subpoena [that] must be served on each party." Fed. R. Civ. P. 45(a)(4).  The Court finds that CesFin failed to show that the movant has no standing to challenge the Google subpoenas.

*Failure To Comply with the Rule 45 Notice Requirement*

CesFin concedes that it "used the form for a Rule 45 subpoena," but argues that "the substance of the subpoenas make clear that the Google Subpoenas constitute post-judgment subpoena enforceable pursuant to Rule 69(a)(2) and CPLR 5223 and 5224." However, Rule 69(a)(2) is not written in the conjunctive; rather, it is written in the disjunctive and permits discovery to be obtained "as provided in these rules **or** by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2) (emphasis added). CesFin does not explain why, it decided to proceed under Rule 45 of the Federal Rules of Civil Procedure rather than under the CPLR, especially since its argument is that "the substance of the subpoenas make clear that the Google Subpoenas constitute post-judgment subpoena enforceable pursuant to Rule 69(a)(2) and CPLR 5223 and 5224." Having elected to issue its Google subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure, CesFin was obligated to comply with Rule 45's notice requirement that "a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). CesFin failed to comply with the notice requirement of Rule 45. Accordingly, quashing the subpoenas on this ground is warranted.

*CesFin's Standing To Issue the Google Subpoenas*

Although Rule 69(a)(2) provides that "a successor in interest whose interest appears of record may obtain discovery from any person--as provided in these rules or by the procedure of the state where the court is located," neither Rule 45 nor CPLR § 2302 permits a non-party to serve a subpoena on another non-party, and CesFin failed to make citation to any binding authority to the contrary. CesFin asserts, without citation of any binding authority in support, that "[h]aving filed the Notice of Assignment on August 10, 2020, CesFin's interest as Cessna's 'successor in interest' appears 'of record' and, therefore, CesFin has authority to pursue

12

enforcement proceedings against AGH, including issuing Subpoenas." CesFin relies on Cessna's August 10, 2020 "Notice of Assignment of Award and Judgment" filed on August 11, 2020 in this action. However, Cessna's August 10, 2020 "Notice of Assignment of Award and Judgment" filed on August 11, 2020 in this action is not evidence and does not constitute an appearance of record for the purpose of Rule 69(a)(2).

On September 2, 2020, when CesFin issued its subpoenas to Google, CesFin was not a party to this action, and Cessna's motion to substitute was not made until September 8, 2020, when Cessna's counsel, Geller, submitted his declaration under penalty of perjury stating: "The purpose of this Declaration is to place before the Court the document that demonstrates that Cessna, on October 25, 2019, unconditionally assigned to CesFin" its "rights, title and interest" in the May 8, 2019 judgment in this action. CesFin does not make citation to any binding authority that permits a non-party to issue subpoenas under Rule 45, as CesFin did in this action. Cessna's motion to substitute was not granted until February 16, 2021; thus, CesFin became a party to this action on February 16, 2021. The Court finds that CesFin was not authorized to issue the Google subpoenas in this action because at the time of issuance, September 2, 2020, CesFin was not: (i) "a successor in interest whose interest appears of record," as required by Rule 69(a)(2); and (ii) a party to this action for the purpose of Rule 45 of the Federal Rules of Civil Procedure, under which CesFin issued the September 2, 2020 subpoenas. Accordingly, quashing the subpoenas on this ground is warranted.

***Relief (2), (3) and (4) Requested in the Notice of Motion, Docket Entry No. 63***

In the section "Request for Relief as to Any and All Other Subpoenas" of the respondent's memorandum of law in support of the motion, the respondent makes no citation to any legal authority supporting its request for the relief requested. The Court finds that the

"Request for Relief as to Any and All Other Subpoenas" is baseless; thus, granting the request is not warranted.

## CONCLUSION

For the foregoing reasons, that part of the motion, Docket Entry No. 63, is granted with respect to part (1) seeking to quash the Google subpoenas and denied with respect to parts (2), (3) and (4) seeking other relief.

Dated:  New York, New York                          SO ORDERED:
       March 12, 2021

                                                   _Kevin Nathaniel Fox_
                                                 KEVIN NATHANIEL FOX
                                                 UNITED STATES MAGISTRATE JUDGE

14