UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
CESSNA FINANCE CORP.,                    :

               Petitioner,    :

     -against-                         :    **PROTECTIVE ORDER**

AL GHAITH HOLDING COMPANY                :    15-CV-9857 (PGG)(KNF)
PJSC,
                                         :
               Respondent.
------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that the Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action and the action commenced by CesFin Ventures LLC ("CesFin")[1] against Respondent Al Ghaith Holding Company ("AGH") and three of AGH's directors and shareholders entitled CesFin Ventures LLC v. Al Ghaith Holding Company, Ali Hamel Khadem Al Ghaith Al Qubaisi, Ghaith Hamel Khadem Al Ghaith Al Qubaisi and Khalifa Hamel Khadem Al Ghaith Al Qubaisi in this court (Case No. 21-cv-1395 (PAC) (collectively the "Action"); and

      WHEREAS, the Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the Action and any other action or proceeding and any appeals thereto, between or among Cessna, CesFin, AGH or any of AGH's shareholders, directors, officers and/or employees, in connection with the enforcement of the Final Arbitration

---

[1] By a February 16, 2021 Order (**ECF No. 82**), CesFin substituted for Petitioner Cessna Finance Corp., the judgment creditor in this action.

1

Award, dated October 26, 2015 (the "Award"), that was confirmed by the court and/or the Judgment in favor of Cessna and against AGH confirming the Award that was entered in this action on May 8, 2019 (Docket Entry Nos. 39, 40),

IT IS HEREBY ORDERED that any person or entity subject to this Order – including without limitation the parties to the Action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this Action, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms, upon pain of sanctions:

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in the Action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2. The party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

    a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    b) previously non-disclosed material relating to ownership or control of any non-public company;

    c) previously non-disclosed business plans, product-development information, or marketing plans;

d) any information of a personal or intimate nature regarding any individual; or

e) any other category of information the Court subsequently affords confidential status.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the stenographic reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order," or (b) notifying the stenographic reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it has been designated Confidential.

5. If at any time before the conclusion of this Action or any other action, proceeding or appeal concerning Cessna, CesFin, AGH or any of AGH's shareholders, directors, officers and/or employees, in connection with the enforcement of the Final Arbitration Award, dated October 26, 2015, that was confirmed by the court and/or the Judgment in favor of Cessna and against AGH confirming the Award that was entered in this action on May 8, 2019 (Docket Entry Nos. 39, 40), a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility of any document, testimony or other evidence in any action, proceeding or appeal concerning Cessna, CesFin, AGH or any of AGH's shareholders, directors, officers and/or employees, in connection with the enforcement of the Final Arbitration Award, dated October 26, 2015, that was confirmed by the court and/or the Judgment in favor of Cessna and against AGH confirming the Award that was entered in this Action on May 8, 2019 (Docket Entry Nos. 39, 40).

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

a) the Parties to the Action or any other action, proceeding or appeal concerning Cessna, CesFin, AGH or any of AGH's shareholders, directors, officers and/or employees, in connection with the enforcement of the Final Arbitration Award, dated October 26, 2015, that was confirmed by the court and/or the Judgment in favor of Cessna and against AGH confirming the Award that was entered in this action on May 8, 2019 (Docket Entry Nos. 39, 40), or their insurers and counsel to their insurers;

b) counsel retained specifically for the Action or any other action, proceeding or appeal concerning Cessna, CesFin, AGH or any of AGH's shareholders, directors, officers and/or employees, in connection with the enforcement of the Final Arbitration Award, dated October 26, 2015, that was confirmed by the court and/or the Judgment in favor of Cessna and against AGH confirming the Award that was entered in this action on May 8, 2019 (Docket Entry Nos. 39, 40), including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to the matter;

c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to the matter;

d) any mediator or arbitrator that the Parties engage or that the Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as an Exhibit;

e) the author, addressee and any other person indicated on the face of a document as having received a copy of the document;

f) any witness who counsel for a Party in good faith believes may be called to testify in the Action or at any action or proceeding between or among Cessna, CesFin, AGH or any of AGH's shareholders, directors, officers and/or employees, in connection with the enforcement of the Final Arbitration Award, dated October 26, 2015, that was confirmed by the court and/or the Judgment in favor of Cessna and against AGH confirming the Award that was entered in this Action on May 8, 2019 (Docket Entry Nos. 39, 40), provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as an Exhibit;

g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with the Action or any other action, proceeding or appeal concerning Cessna, CesFin, AGH or any of AGH's shareholders, directors, officers and/or employees, in connection with the enforcement of the Final Arbitration Award, dated October 26, 2015, that was confirmed by the court and/or the Judgment in favor of Cessna and against AGH confirming the Award that was entered in this Action on May 8, 2019 (Docket Entry Nos. 39, 40), provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as an Exhibit;

h) stenographers engaged to transcribe depositions the parties conduct in this Action or any other action or proceeding between or among Cessna, CesFin, AGH or any of AGH's shareholders, directors, officers and/or employees, in connection with the enforcement of the Final Arbitration Award, dated October 26, 2015, that was confirmed by the court and/or the Judgment in

favor of Cessna and against AGH confirming the Award that was entered in this Action on May 8, 2019 (Docket Entry Nos. 39, 40); and

i) the Court, including any appellate court, its support personnel, and court reporters.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed hereto as an Exhibit stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel before such person is permitted to testify in any action or proceeding between or among Cessna, CesFin, AGH or any of AGH's shareholders, directors, officers and/or employees, in connection with the enforcement of the Final Arbitration Award, dated October 26, 2015, that was confirmed by the court and/or the Judgment in favor of Cessna and against AGH confirming the Award that was entered in this Action on May 8, 2019 (Docket Entry Nos. 39, 40).

9. Any motion to seal shall be made in accordance with paragraph 4 of the Court's Individual Rules of Practice.

10. The Court retains the discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order or decision by the Court.

11. Any Party who objects to any designation of confidentiality may at any time before the conclusion of this Action or any other action or proceeding between or among Cessna, CesFin, AGH or any of AGH's shareholders, directors, officers and/or employees, in connection with the enforcement of the Final Arbitration Award, dated October 26, 2015, that was confirmed by the court and/or the Judgment in favor of Cessna and against AGH confirming the Award that was entered in this Action on May 8, 2019 (Docket Entry Nos. 39, 40), serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected parties will address their dispute to the Court in accordance with paragraph 2A of the Court's Individual Rules of Practice.

12. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2A of the Court's Individual Rules of Practice.

13. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of the Action or any other action, proceeding or appeal concerning Cessna, CesFin, AGH or any of AGH's shareholders, directors, officers and/or employees, in connection with the enforcement of the Final Arbitration Award, dated October 26, 2015 (the "Award"), that was confirmed by the court and/or the Judgment in favor of

Cessna and against AGH confirming the Award that was entered in this action on May 8, 2019 (Docket Entry Nos. 39, 40). Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to the use of its own documents or information produced in the Action or any other action, proceeding or appeal concerning Cessna, CesFin, AGH or any of AGH's shareholders, directors, officers and/or employees, in connection with the enforcement of the Final Arbitration Award, dated October 26, 2015 (the "Award"), that was confirmed by the court and/or the Judgment in favor of Cessna and against AGH confirming the Award that was entered in this action on May 8, 2019 (Docket Entry Nos. 39, 40).

14. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce same by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such material.

16. Within 60 days of the final disposition of the Action or any other action or proceeding between or among Cessna, CesFin, AGH or any of AGH's shareholders, directors, officers and/or employees, in connection with the enforcement of the Final Arbitration Award, dated October 26, 2015 (the "Award"), that was confirmed by the court and/or the Judgment in favor of Cessna and against AGH confirming the Award that was entered in this action on May 8, 2019 (Docket Entry Nos. 39, 40) – including all appeals – all recipients of Confidential Discovery Material must either return it - including all copies thereof – to the Producing Party, or destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this Action or any other action, proceeding or appeal described above may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Material remain subject to this Order.
17. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

18. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for violating the Order.

Dated: New York, New York  
      July 2, 2021

SO ORDERED:

*Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CESSNA FINANCE CORP.,                          :

                    Petitioner,    :      NON-DISCLOSURE AGREEMENT

     -against-                               :      15-CV-9857 (PGG)(KNF)

AL GHAITH HOLDING COMPANY
PJSC,                                                    :

                  Respondent.   :
-------------------------------------------------------X

       I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to sanctions by the Court.

                                                                                     _____