# CAMPOLO, MIDDLETON & McCORMICK, LLP

December 16, 2021

*Via ECF*
Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

**MEMO ENDORSED:**
Respondents' opposition papers are due by **January 7, 2022**. Petitioner's reply, if any, is due **January 14, 2022**.

SO ORDERED.

*[signature]*

Paul G. Gardephe
United States District Judge
Dated: December 17, 2021

**Re:** Cesfin Ventures LLC v. Al Ghaith Hold ("2021 Action")
Cesfin Ventures LLC v. Al Ghaith Holding Company, et al., 1:15-cv-09857-PGG ("2015 Action")

Dear Judge Gardephe:

This firm represents Respondents Ali Hamel Khadem Al Ghaith Al Qubaisi, Ghaith Hamel Khadem Al Ghaith Al Qubaisi, and Khalifa Hamel Khadem Al Ghaith Al Qubaisi ("Ghaiths") in the 2021 Action. We write in response to Petitioner's letter dated December 16, 2021 objecting to the Ghaith's request for a briefing schedule in connection with Petitioner's Motion for Sanctions filed on November 30, 2021 ("Motion"). In short, a briefing schedule is necessary because Petitioner violated Your Honor's Individual Rules of Practice and Local Civil Rules by filing the Motion as against the Ghaiths without obtaining court leave or conferring with the Ghaiths' counsel.

Petitioner's disregard that their motion for sanctions as against the Ghaiths is improper in the first instance for three reasons. First, Petitioner's motion as against the Ghaiths is premature because the Ghaiths neither answered the Petition nor have been served with discovery. *Hand Picked Selections, Inc. v. Handpicked Wines Int'l Pty, Ltd.*, No. CV 06-0356 (FB)(JO), 2006 WL 1720442, at *3 (E.D.N.Y. June 22, 2006) (holding that where a party had not yet answered "any attempt to serve a request for party discovery on AM was premature, and cannot serve as the predicate for sanctions under Rule 37."). In fact, at the most recent conference on November 9, 2021, the Court indicated that the next steps would involve serving the Ghaiths with discovery demands rather than a motion for sanctions against parties that recently appeared.

Second, Petitioner's counsel never conferred with the Ghaiths' counsel prior to making its Motion as required under Your Honor's Individual Rule of Practice IV.A.[1] *See also Pro Bono Invs., Inc.*

---

[1] In fact, in Petitioner's counsel's letter application initially seeking sanctions, they admit they never conferred with counsel for the Ghaiths, stating only that "By November 4 and 5, 2021 e-mails, we sent a draft of this letter to Wasser & Russ, LLP ("Wasser & Russ"), AGH's counsel, seeking "AGH's Position." Wasser & Russ has not responded to our e-mails." 2019 ECF Doc. No. 119.

*v. Gerry*, No. 03 CIV. 4347 (JGK), 2005 WL 2429767, at *1 (S.D.N.Y. Sept. 30, 2005) ("Pro Bono's motion pursuant to Rule 37 is denied. By its terms, Rule 37 requires a meet-and-confer conference and authorizes sanctions only after a motion is granted or discovery is made after a motion is filed."); Local Civil Rule 37.3(a) ("Prior to seeking judicial resolution of a discovery or non-dispositive pre-trial dispute, the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute.").

Finally, Petitioner never sought or obtained leave to file a motion for sanctions as against the Ghaiths individually. 2021 Action ECF Doc. No 47 ("ORDER: For the reasons stated in open court yesterday . . . . As to any motions for sanctions against Defendant Al Ghaith Holding Company, Plaintiff's counsel must file its submission by November 30, 2021. SO ORDERED.").

Given these circumstances, there is no prejudice that warrants depriving the Ghaiths the opportunity to respond to Petitioner's motion for sanctions. *Laface v. E. Suffolk BOCES*, No. 218CV1314ADSAKT, 2019 WL 4696434, at *3 (E.D.N.Y. Sept. 26, 2019) ("To the extent that the Plaintiff moves for leave to file his opposition to the sanctions motion, that motion is granted, because . . . it does not appear that the Defendant[s] will suffer any prejudice by this *nunc pro tunc* extension.") (internal quotations and citations omitted). Petitioner's leave was limited to sanctions against AGH—not the Ghaiths—and the 2021 Action remains at such infancy stages such that there will not be any prejudice if an extension is granted to respond to additional arguments Petitioner never obtained leave to make. *Hand Picked Selections, Inc.*, 2006 WL 1720442, at *3.

Accordingly, the Ghaiths respectfully request a briefing schedule permitting them to respond to Petitioner's Motion made without leave wherein opposition be received January 7, 2022 and Petitioner's reply be served on a date convenient to Petitioner.

Respectfully submitted,

**CAMPOLO, MIDDLETON & McCORMICK, LLP**

By: Patrick McCormick, Esq.
     Richard A. DeMaio, Esq.
     Attorneys for the Ghaiths


cc: All parties via ECF