```
USDC SDNY
DOCUMENT
ELECTRONICALLY  FILED
DOC #:_____
DATE FILED:___5/3/2022___
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CesFin Ventures LLC,

                                        Petitioner,

                    -against-

Al Ghaith Holding Company PJSC,

                                        Respondent.

**1:15-cv-09857 (PGG) (SDA)**

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a motion by Petitioner CesFin Ventures LLC ("Petitioner" or "CesFin"), pursuant to Federal Rule of Civil Procedure 37 and the Court's inherent power, for sanctions against Respondent Al Ghaith Holding Company PJSC ("AGH") and Ali Hamel Khadem Al Ghaith Al Qubaisi, Ghaith Hamel Khadem Al Ghaith Al Qubaisi and Khalifa Hamel Khadem Al Ghaith Al Qubaisi (collectively, the "Al Ghaiths") for failure to respond to a subpoena issued to AGH by Petitioner for post-judgment discovery and for failure to comply with Court Orders directing AGH to produce documents in response to the subpoena. (Pl.'s Not. of Mot., ECF No. 122.)

For the reasons set forth below, Petitioner's motion for sanctions is GRANTED IN PART and DENIED IN PART.

**RELEVANT BACKGROUND**

In December 2015, CesFin's predecessor, Cessna Finance Corporation, filed a Petition to enforce an arbitration award against AGH. (*See* Pet., ECF No. 1.) After obtaining a judgment against AGH, CesFin sought post-judgment discovery. Among other things, Petitioner issued a subpoena to AGH, dated October 23, 2020 (the "AGH Subpoena"), requiring AGH to produce

documents related to enforcement of the judgment. (*See* AGH Subpoena, 21-CV-01395 ECF No. 50-1, at 5-15.)

On February 17, 2021, CesFin filed a separate action against AGH and the Al Ghaiths to, *inter alia*, enforce the judgment against the Al Ghaiths. (Pet. & Compl., 21-CV-01395 (the "Enforcement Action"), ECF No. 1.) On March 2, 2021, CesFin[1] filed a Letter Motion seeking to file a motion to compel AGH to produce documents in response to the AGH Subpoena. (Letter Motion, ECF No. 84.) The following day, AGH filed a notice of substitution of counsel. (Notice, ECF No. 85.)

On May 4, 2021, Magistrate Judge Fox, entered an Order directing AGH to comply with the AGH Subpoena. (5/4/21 Order, ECF No. 98.) On July 2, 2021, Judge Fox entered a Protective Order, the lack of which AGH previously had raised as a barrier to its production of documents in response to the AGH Subpoena. (7/2/21 Protective Order, ECF No. 110; *see also* Pl.'s Mem. at 9 n.6.) Between July 2021 and September 2021, AGH furnished three productions, but these productions responded to only two of the 45 document requests at issue in the subpoena and only for the years 2019 and 2020, even though the Court's May 4, 2021 Order directed AGH to produce documents from April 15, 2013 onward. (*See* Pl.'s Mem. at 9 (citing Gluck Decl., ECF No. 123, ¶¶ 32-34).)

On September 17, 2021, the parties filed a Joint Letter, in which CesFin set forth these deficiencies. (Letter, ECF No. 111.) On September 20, 2021, Judge Fox entered an Order requiring AGH to complete its production directed by the May 4, 2021 Order no later than October 20,

---

[1] CesFin is the assignee of Cessna Finance Corporation. (*See* 2/16/21 Order, ECF No. 82, at 1-2.)

2021 and warning that failure to do so would result in sanctions. (9/20/21 Order, ECF No. 112, at

2).

On October 12, 2021, AGH's second counsel requested permission to file a motion for

leave to withdraw. (Letter Motion, ECF No. 113.) Judge Gardephe held a hearing on November

10, 2021 and granted the motion for counsel to withdraw on November 11, 2021. (*See* 11/11/21

Order, ECF No. 121.) Judge Gardepehe also set a deadline for Petitioner to file the instant motion

for sanctions against AGH. (*See id*.) On November 30, 2021, CesFin filed the instant motion for

sanctions against AGH and the Al Ghaiths.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 37 provides that a court may impose sanctions against a

party that "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). Such

sanctions may include, among other things, "directing that the matters embraced in the order or

other designated facts be taken as established for purposes of the action, as the prevailing party

claims" and "prohibiting the disobedient party from supporting or opposing designated claims or

defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(i)-(ii).

"Instead of or in addition to the orders above, the court must order the disobedient party, the

attorney advising that party, or both to pay the reasonable expenses, including attorney's fees,

caused by the failure, unless the failure was substantially justified or other circumstances make

an award of expenses unjust." Fed R. Civ. P. 37(b)(2)(C).

"The decision to impose sanctions under Rule 37 'is committed to the sound discretion of

the district court.'" *JCDecaux Airport, Inc. v. Tom Sawyer Prods., Inc.*, No. 16-CV-05067 (NRB),

2020 WL 635580, at *4 (S.D.N.Y. Feb. 11, 2020) (quoting *Luft v. Crown Publishers, Inc.,* 906 F.2d

862, 865 (2d Cir. 1990)). In imposing sanctions under Rule 37, a court may consider various factors, including: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Funk v. Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2017).

The Court also may issue sanctions under "its inherent power to manage its own affairs." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).  This inherent power must be exercised with "restraint and discretion." *Chambers*, 501 U.S. at 44. Issuance of sanctions pursuant to the Court's inherent power requires a particularized finding of bad faith, shown by "clear evidence," that the actions in question were taken "for reasons of harassment or delay or for other improper purposes." *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991). When imposing sanctions pursuant to its inherent powers, the Court has available "an equivalent array of weaponry" to the remedies under Rule 37(b)(2). *See Automated Mgmt. Sys., Inc. v. Rappaport Hertz Cherson Rosenthal, P.C.*, 16-CV-05762 (LTS) (KNF), 2021 WL 2983240, at *7 (S.D.N.Y. July 14, 2021).

## DISCUSSION

Petitioner seeks sanctions against both AGH and the Al Ghaiths in this action and against AGH in the Enforcement Action.  In this action, Petitioner requests that the Court: (1) hold AGH and the Al Ghaiths in contempt and require them to jointly and severally pay a daily fine of $1,000, doubling every four weeks to a maximum of $80,000 per week; and (2) order AGH and the Al Ghaiths to pay jointly and severally CesFin's attorneys' fees and costs expended in filing

the instant motion and the pre-motion letter that preceded the motion. (*See id.*) In the

Enforcement Action, Petitioner seeks: (1) an Order (a) issuing an adverse inference against AGH

that certain facts designated by CesFin in the Petition in the Enforcement Action must be taken

as established for purposes of the Enforcement Action; (b) precluding AGH from introducing

evidence to oppose CesFin's designated facts in the Enforcement Action; and (c) striking AGH's

affirmative defenses asserted in its Answer in the Enforcement Action. (Pl.'s Mem. at 4.) The

Court considers each of these requests, in turn.

I.      **Contempt**

"While district courts have wide discretion in imposing sanctions for failure to comply

with discovery orders . . . United States magistrate judges have limited civil contempt authority."

*Funnekotter v. Republic of Zimbabwe*, No. 09-CV-08168 (CM) (THK), 2011 WL 5517860, at *2

(S.D.N.Y. Nov. 10, 2011) (citation omitted). In the absence of the parties' consent to a magistrate

judge's exercising complete jurisdiction pursuant to 28 U.S.C. § 636(c), a magistrate judge can

neither grant nor deny a motion for contempt. *See Comverse, Inc. v. Am. Telecommunications*,

Inc. Chile S.A., No. 07-CV-11121 (PKL) (HBP), 2009 WL 464446, at *2 (S.D.N.Y. Feb. 24, 2009).

Thus, the magistrate judge functions only to certify the facts to the District Judge. *See* 28 U.S.C.

§ 636(e). Given this procedure, the Court will make a separate recommendation to the District

Judge in due course regarding Petitioner's motion to hold AGH and the Al Ghaiths in contempt

and does not address the contempt issue here.

II.      **Attorneys' Fees And Costs**

The Court finds that AGH failed to comply with the Court's May 4, 2021 and September

20, 2021 Orders such that sanctions are appropriate under Rule 37. Although AGH produced

some documents responsive to the AGH Subpoena, the totality of its production was woefully insufficient and failed to comply with the Court's clear Orders, as set forth above. Accordingly, pursuant to Rule 37(b)(2)(C), must award reasonable expenses, including attorneys' fees caused by the failure to comply, unless such failure was substantially justified or other circumstances would make an award of attorneys' fees unjust. *See Sagax Development Corp. v. ITrust S.A.*, No. 19-CV-03386 (RA) (KNF), 2021 WL 5360121, at *9 (S.D.N.Y. Nov. 17, 2021). Neither circumstance is present here and, thus, the Court finds that an award of reasonable expenses, including attorneys' fees against AGH is appropriate. Petitioner's motion under Rule 37(b)(2)(C) as to the Al Ghaiths, however, is denied. The Rule refers only to a "disobedient party" and the Al Ghaiths are not parties in the Enforcement Action. Moreover, on the current record, Petitioner has not sufficiently established the role of each of the Al Ghaiths, if any, in AGH's failure to comply with the discovery Orders, which were directed solely to AGH and served only on the corporate entity through its counsel at the time.

No later than June 3, 2022, Petitioner shall file an affidavit or declaration setting forth the reasonable expenses, including attorneys' fees, it incurred in connection with AGH's failure to comply with the Court's discovery Orders.

III.   <u>**Sanctions Against AGH In The Enforcement Action**</u>

Petitioner's request for sanctions against AGH in the Enforcement Action is denied. Although Rule 37 contemplates sanctions in the form of designated facts taken as established, the language of the Rule refers to such a sanction "for purposes of *the* action" where the sanctionable conduct occurred. Fed. R. Civ. P. 37(b)(2)(A)(i) (emphasis added) And although the Court is not strictly limited to imposing sanctions contemplated by Rule 37(b)(2)(A), the Court

declines to impose the expansive sanctions Petitioner seeks under the circumstances here. Although Petitioner asserts that it seeks to admit designated facts against AGH alone (*see* Pl.'s Reply Mem. at 4), it appears that Petitioner's intent in seeking such sanctions is to limit the Al Ghaiths ability to challenge certain facts in the Enforcement Action. The Court agrees with the Al Ghaiths that this would be putting the cart before the horse. Petitioner cannot use sanctions against AGH as a shortcut to the ultimate relief that it seeks in the Enforcement Action. Nonetheless, the Court acknowledges Petitioner's valid concern that, to the extent the Al Ghaiths control AGH, they can benefit from choosing to withhold discovery in this action that could otherwise be used to establish their liability in the Enforcement Action.  However, the Court finds that this concern can be addressed in other ways. Most notably, as discussed during oral argument, the Court will consider whether jurisdictional discovery in the Enforcement Action is appropriate. Certainly, if the Al Ghaiths refuse to provide discovery in response to Court Orders directed to them in the Enforcement Action, in which they are parties, Petitioner will be on solid ground in seeking appropriate sanctions.

In any event, the Court also finds that the sanctions against AGH in the Enforcement Action are moot given that AGH never appeared in that action and a default has been entered against it. (*See* Order of Default, 21-CV-01395 ECF No. 82.) As a result, Petitioner already has the relief it seeks in the action. For these reasons, Petitioner's motion is denied to the extent it seeks sanctions against AGH in the Enforcement Action.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for sanctions (ECF No. 122) is GRANTED IN PART and DENIED IN PART. The Court separately will address Petitioner's motion to hold AGH

and the Al Ghaiths in contempt. The Clerk of Court is respectfully requested to terminate the

motions filed at ECF Nos. 49 and 53 in the related case 21-CV-01395.

**SO ORDERED.**

Dated:        New York, New York
              May 3, 2022

_____
STEWART D. AARON
United States Magistrate Judge